**JING LIN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–5110–ag.

United States Court of Appeals, Second Circuit.

June 21, 2007.

Liu Yu, Law Offices of Yu & Associates, PLLC, New York, NY, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Seth M. Beausang, Assistant United States Attorney, Wilmington, DE, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Jing Lin, a citizen of the People's Republic of China, seeks review of an October 18, 2006, order of the BIA affirming the May 11, 2005, decision of Immigration Judge ("IJ") Philip L. Morace denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Jing Lin,* No. A97 955 206 (B.I.A. Oct. 18, 2006), *aff'g* No. A97 955 206 (Immig. Ct. N.Y. City, May 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

To prevail in an asylum claim, an applicant must show past persecution or a well-founded fear of future persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). The IJ's determination that Lin failed to establish that any persecution she may have experienced bore a nexus to a protected ground was supported by substantial evidence, as the record lacks any indication of an allegation, let alone any evidence, to that effect.

Lin's brief to the BIA contained only a single sentence addressing this basis for the IJ's decision: "The persecution was on account of her social group." The brief did not elaborate on this statement or specify the social group to which Lin purportedly belonged. Furthermore, Lin's brief to this Court addresses the nexus issue with only one short, legally irrelevant argument that reflects a misreading of the ground for the IJ's decision. The argument Lin advanced would have been appropriate had the agency denied her claim upon a finding that she was not persecuted by the Chinese government or by a person or an organization that the government was unable or unwilling to control. *See Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir.2006). However, the agency made no such finding.

We need not, and so do not, reach the merits of Lin's argument that the IJ's adverse credibility finding was flawed because Lin's claim fails on the nexus ground.

Because Lin failed to meet her burden of proof to establish eligibility for asylum, she necessarily failed to meet the higher standard for entitlement to withholding of removal. Furthermore, Lin established no independent basis for a CAT claim. Even assuming *arguendo* that all of her testimony were true, none of it indicates that upon return to China she would be more likely than not subjected to torture.

For the foregoing reasons the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.